UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| CARL RAVON WATKINS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 22-236-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| G. SWANEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Carl Ravon Watkins is a federal prisoner currently confined at the Federal Correctional Institution ("FCI")-Manchester in Manchester, Kentucky. Proceeding without an attorney, Watkins has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and a motion to proceed *in forma pauperis*. [R. 2] However, the financial information submitted by Watkins is not certified by prison staff, as required by 28 U.S.C. § 1915(a)(2). For this reason, Watkins's motion to proceed *in forma pauperis* will be denied.

Even so, the Court will proceed with conducting the initial screening of Watkins's § 2241 petition required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1] Because this Court does not have subject-matter jurisdiction over Watkins's § 2241 petition, his petition will be dismissed.

In June 2020, pursuant to a plea agreement with the United States, Watkins pled guilty in the United States District Court for the Northern District of Iowa to one count of distribution of

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

-1-

controlled substances resulting in death in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In October 2020, Watkins was sentenced to a term of imprisonment of 240 months. Watkins did not appeal. *United States v. Watkins*, 2:19-cr-1043-DJW-MAR-1 (N.D. Iowa 2019).

In October 2021, Watkins filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he argued that his counsel was ineffective for failing to move for a reduction in sentence because of Watkins's upbringing and drug abuse history. However, Watkins's § 2255 motion was denied by the District Court on December 28, 2021. Watkins's application for a certificate of appealability was denied by the United States Court of Appeals for the Eighth Circuit. *See Watkins v. United States*, 2:21-cv-1021-CJW-MAR (N.D. Iowa 2021).

Watkins has now filed a § 2241 petition in this Court, arguing that his conviction is invalid in light of the United States Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014), which held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 571 U.S. at 218-19.[2] Watkins argues that, in light of this "retroactively applicable decision," he "may have been convicted of a nonexistent offense," because he "could not be liable for [the] penalty enhancement unless such use was a but-for cause of the death or injury." [R. 1 at p. 6, 8] He requests that this Court vacate his sentence and order that Watkins be re-sentenced.

---

2 Although Watkins does not invoked *Burrage* by name, he cites to a "Supreme Court ruling" issued on January 27, 2014, in Case Number 12-7515 regarding "but-for cause." [R. 1 at p. 3] This description corresponds with *Burrage*. *See Burrage*, 571 U.S. 204 (2014) (Case Number 12-7515, decided on January 27, 2014).

However, the Court must dismiss Watkins's § 2241 petition for lack of subject-matter jurisdiction because Watkins cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021). While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the

underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Even so, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Here, Watkins relies upon the Supreme Court's decision in *Burrage*, which more narrowly interpreted 21 U.S.C. § 841(b)(1) to require the jury to find that drugs distributed by the defendant were the "but for" cause of a victim's death. *See Burrage*, 571 U.S. at 218-19. In *Harrington v. Ormond*, 900 F. 3d 246 (6th Cir. 2018), the Sixth Circuit held that a petitioner may raise a *Burrage* claim in a § 2241 petition. *Id.* at 249. However, *Burrage* was issued on January 27, 2014, *see Burrage*, 571 U.S. 204, over five years before Watkins was even indicted in 2019. Thus, *Burrage* does not satisfy *Wooten*'s requirement that the petitioner must rely on a Supreme Court decision issued *after* the petitioner's conviction became final. *Wooten*, 677 F.3d at 307-08. For this reason, Watkins cannot establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he had ample time and opportunity to raise a *Burrage* claim prior to sentencing or in his initial motion to vacate, set aside, or correct sentence filed

pursuant to 28 U.S.C. § 2255. Thus, he may not raise his *Burrage* claim in a § 2241 petition via the savings clause of § 2255(e).

Because Watkins fails to establish that a § 2255 motion is inadequate or ineffective to challenge his sentence, this Court may not entertain his § 2241 petition and must dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Watkins's motion for leave to proceed *in forma pauperis* [R. 2] is **DENIED**;

2. Watkins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

3. This action is **STRICKEN** from the Court's docket; and

4. A corresponding Judgment will be entered this date.

This 14th day of February, 2023.

Signed By:
*William O. Bertelsman* WOB
United States District Judge